ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 07 2011

at __ o'clock and __ min. __M.
SUE BEITIA, CLERK

COMPLAINT

Michael Moore, *pro-se*
75-1027 Henry St.
111A  PMB #175
Kailua-Kona, HI  96740
808-938-7157

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| Michael Moore | ) CASE NO.: CIV11-00089 KSC |
| Plaintiff, | ) COMPLAINT: |
| Vs. | ) |
| | ) |
| | ) COPYRIGHT INFRINGEMENT |
| Nick Wagner, | ) UNFAIR COMPETITION |
| Nick Wagner Architect, Inc., | ) |
| P. Denise LaCosta | ) |
| | ) |
| Defendants | ) |
| | ) JURY TRIAL DEMANDED |

## INTRODUCTION

1. This is an action brought by Michael Moore, an individual residing in Hawaii County, Hawaii, to recover damages arising from infringement and unauthorized use of protected design drawings created by Michael Moore; and to enjoin the Defendant from future infringement.

## PARTIES

2. Plaintiff Michael Moore is a professional designer currently residing in Hawaii County, Hawaii with a principal mailing address of: 75-1027 Henry St.111A PMB #175 Kailua-Kona, HI  96740.  Defendant Nick Wagner is a licensed Architect and owner of Nick Wagner Architect, Inc. with his primary residence located in Maui County Hawaii with a mailing address of: 226 S. Church Street Wailuku, Hi 96793
Defendant P. Denise LaCosta is a resident of Maui County and has a mailing address of 222 Papalaua Street #202 Lahaina, Hawaii 96761.

1

## JURISDICTION

3.     This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, *et. seq.,* 28 U.S.C. §§ 1331 and 1338(a), and the Lanham Act 15 USC §§ 1121(a) *et. Seq.* Jurisdiction is proper in this court because this litigation arises under federal law, namely The Architectural Works Copyright Protection Act of 1990

## VENUE

4.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

## FACTS COMMON TO ALL CLAIMS

5.     On November 01, 2008, Plaintiff Michael Moore entered into a valid written Agreement with Maui Defendant P. Denise La Costa. Plaintiff Michael Moore agreed *inter alia* to provide design services and working drawings necessary for County of Maui approval of her proposed new home on the Island of Maui. Plaintiff Michael Moore provided La Costa with unstamped working drawings of said proposed home for her review. Plaintiff provided La Costa with a full set of working drawings that clearly identify the Plaintiff as the creator of these documents.

6.     Contractual disputes occurred between the Plaintiff and Defendant La Costa. La Costa then took the contract drawings independently designed and created by the Plaintiff and gave the drawings to Defendant Wagner. Upon knowledge and belief LaCosta and Wagner conspired to file the drawings with the County of Maui without the Plaintiff's knowledge or permission.

7.     Defendant Nick Wagner took the drawings given to him by La Costa and stamped them with his professional architectural stamp and filed the documents with the County of Maui calling them his own.

8.     Defendant Wagner was compensated by La Costa for filing these documents with the County of Maui and to certify that he created them.

9.     The Plaintiff did not give Defendant Wagner permission to file said documents with the County of Maui, to copy them, or to make them public.

10.    Defendants Wagner and LaCosta had complete knowledge that the infringed documents were independently designed and created by the Plaintiff.

11.    Each of the Documents at issue in the Action is of obvious high production value and easily discernible as professional work.

12. The Defendants knew or should have known that this infringement would cause the Plaintiff harm.

### FIRST CAUSE OF ACTION

13. Michael Moore incorporated and re alleges paragraphs 1-12 above as if set forth verbatim below.

14. The Defendants activities have infringed upon the Plaintiff's copyrights.

15; The Defendants knew, had reason to know and/or willfully ignored the Plaintiff's copyright rights.

16. Because of the Defendants' acts of copyright infringement, the Plaintiff has suffered actual damages including lost profits and pursuant to 17 U.S.C. §§ 504 is entitled to recover his actual damages and any profits earned by the Defendants as a result of the infringement.

17 The Defendant's above-stated acts and/or omissions amount to copyright infringement under the Copyright Act, 17 U.S.C. § 501

### SECOND CAUSE OF ACTION

18 Michael Moore incorporated and re alleges paragraphs 1-17above as if set forth verbatim below.

19. The infringed plans contain identifying marks that clearly identify the plans as being the property of Michael Moore. Upon information and belief the Defendant intentionally removed these identifying marks and replaced them with their own identifying marks before they distributed the plans and filing them with the County of Maui. This was willfully done without the permission of the Plaintiff. The Defendant altered these identifying marks knowing that it would induce, enable, facilitate, or conceal an infringement of Michael Moore's rights under the copyright act.

20, The Defendants' above-stated acts and/or omissions amount to a violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202(b) for which Michael Moore is entitled to recover damages including lost profits, as well as any profits earned by the Defendants with respect to the infringing plans.

## THIRD CAUSE OF ACTION

21. Michael Moore incorporated and re alleges paragraphs 1-20 above as if set forth verbatim below.

22. Michael Moore is the sole owner of the contract documents described herein.

23. By filing said documents with the County of Maui, the Defendants are representing these documents as being their own.

24. Through the actions complained of herein, the Defendants willfully made and are making false, deceptive, and misleading representations and descriptions constituting false designation of origin.

25. Nick Wagner's false representation of original likely to cause consumer confusion as to the origin of the infringing documents, including but not limited to, by causing consumers to believe falsely that Nick Wagner is the origin of the infringing plans when, in fact Michael Moore is the originator of the drawings.

26. Nick Wagner's false designations of origin constitute reverse passing off and unfair competition and violate Michael Moore's rights under 15 U.S.C. §§ 1125(a)

27. Nick Wagner's acts of false designations of origin have reasonably and foreseeable damaged Michael Moore in an amount to be determined at trial.

28. The Defendant's above-stated willful acts make this case exceptional within the meaning of 15 U.S.C. §§ 1117.

## FOURTH CAUSE OF ACTION

29. Michael Moore incorporated and re alleges paragraphs 1-28 above as if set forth verbatim below.

30. Through the actions described above, the Defendants have conspired to enter into a mutual agreement to violate the copyrights of Michael Moore.

31. Defendants combined to enter into their agreement with full knowledge of the fact that they are willfully violating Michael Moore's copyrights and/or the general obligations imposed upon them hereunder.

32. Defendants have intentionally combined, associated, agreed, mutually undertook and acted in concert for the purpose of willfully, maliciously, and unlawfully injuring Michael Moore in his trade and business, including, without limitation, by depriving Michael Moore of his rights under the Copyright Act, by taking business from Michael Moore that rightfully belongs to Michael Moore, and by causing the other harm described above.

33. Defendants conspiracy to harm Michael Moore in his trade and business has reasonably and foreseeably damaged Michael Moore in an amount to be determined by trial.

34. The Defendants acts and/or omissions described herein violated the Plaintiff's rights protected under Section 1 and 7 of the Sherman Act. .

35. In addition to damages from Defendants' conspiracy to injure, Michael Moore is entitled to treble damages pursuant Section 4 of the Clayton Act (15 U.S.C. Sec. 15) to and injunction relief under Section 16 (15 U.S.C. Sec. 26) of the same Act.

### PRAYER FOR RELIEF

**Wherefore, Plaintiff Michael Moore demands judgment as follows:**

1. That the above-described acts constitute copyright infringement, unfair competition under Federal Law, and conspiracy to injure another in trade or business under Hawaii Law.
2. The Defendants be required to pay Michael Moore such damages, including lost profits, together with prejudgment interest, as Michael Moore has sustained as a consequence of the Defendants' willful, wrongful, and unlawful acts, and return to Michael Moore any monies, profits and advantages wrongfully gained by the Defendant.
3. That all damages resulting from the Defendants' unfair competition and conspiracy be trebled.
4. That the Defendant and his respective officers, agents, servants, employees, attorneys, and all persons in active participation or concert with them be subject to a preliminary and permanent injunction preventing the Defendant from infringing Michael Moore's Copyrights, including but not limited to (i) the documents described above (ii) the house described above (iii) the copying and or distribution of non-pictorial representation of the plans or house described above.
5. The Defendant be required to pay Michael Moore reasonable attorney fees, expenses, and costs incurred by Michael Moore in this action pursuant to 17 U.S.C. 505
6. The Defendant be directed to file with this court and to serve upon Michael Moore within thirty (30) days after issuance of an injunction a written report under oath setting forth in detail the manner and form in which the Defendant has complied with the injunction and further orders of this court.
7. That Michael Moore be granted such further relief as this court may deem just and proper.

**Respectfully Submitted:**

_____
Michael Moore, *Pro-se*

Submitted this 7 day of February 2011